PHILLIP A. TALBERT
United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>IVAN FIGUEROA-SOTO,<br><br>　　　　　　　　　　Defendant. | CASE NO. 1:17-CR-00264-NONE-SKO<br><br>JOINT STATUS REPORT AND STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER<br><br>DATE: November 16, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

　　　　This case is set for status conference November 16, 2022.

　　　　As set forth below, the parties now request, by stipulation, that the Court vacate the November 16, 2022 status conference, set the matter for a jury trial on May 9, 2023 at 8:30 am before the Honorable Jennifer L. Thurston, and to exclude the time period between November 16, 2022 and May 9, 2023 under the Speedy Trial Act.

**STIPULATION**

　　　　Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

　　　　1.　　By previous order, this matter was set for status conference on November 16, 2022.

　　　　2.　　By this stipulation, defendant now moves to vacate the status conference, set a jury trial for May 9, 2023, and to exclude time between November 16, 2022, and May 9, 2023, under Local Code

1 T4.

2     3.    The parties agree and stipulate, and request that the Court find the following:

3         a)    On April 23, 2021, defendant was arrested in San Bernardino, California on the arrest warrant in this case.  He made his initial appearance in this district on May 19, 2021.

        b)    The parties anticipate this case will resolve in the near future.

        c)    The government has represented that the discovery associated with this case is voluminous and includes many thousands of hours of wiretap calls, hundreds of hours of video, hundreds of investigative reports, hundreds of pictures, and extensive other evidence. This case was a multi-agency wiretap investigation that lasted nearly a year. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

        d)    Counsel for defendant desires additional time to consult with his/her client, review the charges, conduct investigation and research, review discovery and discuss potential resolution of the case.   The COVID-19 Pandemic continues to make certain tasks, such as client meetings, and certain aspects of case investigation more difficult and more time consuming. Counsel has also experienced technological challenges accessing the audio/video evidence and is working with the discovery vendor in the case to assist with accessing that discovery.

        e)    Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        f)    The government does not object to the continuance.

        g)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

        h)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 16, 2022 to May 9, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best

interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: November 14, 2022

PHILLIP A. TALBERT
United States Attorney

/s/ JEFFREY A. SPIVAK
JEFFREY A. SPIVAK
Assistant United States Attorney

Dated: November 14, 2022

/s/ Serita Rios
Serita Rios
Counsel for Defendant
IVAN FIGUEROA-SOTO

**ORDER**

IT IS SO ORDERED that the status conference set for November 16, 2022, is vacated. A jury trial is set for **May 8, 2023, at 8:30 a.m. before District Judge Jennifer L. Thurston**. Time is excluded through trial pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated: **November 15, 2022**         /s/ Barbara A. McAuliffe
                                  UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3